Receipt #062962

ORIGINAL

ECF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAY 31 2005
U.S. COURT OF FEDERAL CLAIMS

DANKA DE PUERTO RICO, INC.

Plaintiff

vs.

UNITED STATES OF AMERICA

Defendant

No. 05- 586C

COMPLAINT

TO THE HONORABLE COURT:

COMES NOW the Plaintiff and by his undersigned attorney complains of defendant as follows:

1. Plaintiff is a corporation chartered and authorized to do business in the Commonwealth of Puerto Rico.

2. Defendant United States Property & Fiscal Officer (hereinafter "USP&FO") is an agency of the United States of America and, at all times material was acting as purchasing agent for the P.R. National Guard.

3. The parties have maintained commercial relationships since 1986 at the time when what is today known as Danka was called Kodak Copy Products Division. The business between the parties initially consisted of the supply of more than 60 copiers which at the time carried the Kodak brand name. In the year 2000 Sergeant Major Isolina Negrón, assigned to the purchasing department of the USP&FO, approached one of plaintiff's sales executives, Mr. Jorge Rivera, for the purpose of replacing the Kodak units

with new equipment of the Toshiba brand. The models were offered under the Lease to Ownership Plan (hereinafter "LTOP"), being this variant the only plan, other than an outright purchase, available for the acquisition of the units required by Defendant. In accordance with the terms of the contract applicable to the purchase orders subsequently submitted by Defendant, if the lease were cancelled prior to running its term, the lessee would be bound to satisfy the penalty set forth in the contract. In compliance with Defendant's request, as conveyed by Sergeant Negrón after having studied the costs offers provided by Plaintiff, there began the production of the corresponding purchase orders and the delivery of the items ordered.

4. On February 28, 2002 Defendant sent to Plaintiff a letter of cancellation retroactive to February 1, 2002, alleging that it had decided to replace the leased units for those manufactured by Xerox. At that moment, Plaintiff notified Defendant that those units which were leased would be retrieved, but not those which had been contracted for under the LTOP plan. These were subject to payment of the charges for premature termination contractually agreed to. Specifically, the Toshiba units delivered pursuant to the purchase orders issued as of March 1, 2000 under the LTOP plan were subjected to that charge.

5. On May 2, 2002 a meeting was held at the offices of the Defendant to discuss the payments which were due Plaintiff for the equipments contracted under the LTOP plan and to clarify to Defendant's representatives the extent of this modality. Defendant, by its representative Sergeant

Major Ramos, agreed to procure payment of the charges for premature termination, maintain seven of the nine equipments in service and requested the replacement of two of the units for smaller ones. Subsequently there were received four service orders for a limited term to make operational four of the units and attend to several requests for the relocation of the equipments. All of these exigencies by Defendant were honored by Plaintiff.

6. There exist at present eight photocopiers in Defendant's possession and which are subjected to the premature termination charges to which reference is made in the foregoing.

7. Notwithstanding the demands for payment made by Plaintiff to Defendant, there remains the balance of $113,451.64 due and payable and which Defendant has vexatiously refused to satisfy. These correspond to all past and due payments since the premature termination date and late charges on all these payments applicable to the units delivered under the LTOP plan, pursuant to which a premature retirement of the units would entail the penalty charges contracted for. This debt is liquid and legally exigent.

8. In addition to that which is set forth above, Plaintiff has an accrual against Defendant in the amount of $29,847.71 by reason of monthly payments which would not have yet been due but which became due and payable upon premature termination, less unearned charges. This sum is equally liquid and legally exigent.

9. On March 11, 2005 and in accordance with the Contract Disputes

Act, 41 U.S.C. §§ 604 (a)-(c), Plaintiff sent a contract claim for the unpaid invoices to the United States Property & Fiscal Officer's Contracting Officer. By letter dated May 9, 2005, posted on May 12, the Contracting Officer denied the claim.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant for the amounts set forth in the body of the complaint, with whatever other relief as may be meet and just, fitting and proper.

In San Juan, P.R., this 20th day of May, 2005.

GABRIEL I. PEÑAGARICANO
USDCPR 120608
P.O. Box 9023520
San Juan, P.R. 00902-3520
Tel: (787) 725-2526
Fax: (787) 722-1528
email: guigo34@hotmail.com