IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DANKA DE PUERTO RICO, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 05-586C (Judge Williams) |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of its action to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted.

2. The allegations contained in paragraph 2 are conclusions of law and plaintiff's characterization of its action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. Admits the allegations contained in the first sentence of paragraph 3. Admits the allegations contained in the second sentence of paragraph 3 to the extent supported by the referenced contract, executed on 21 October 1996, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 3. Denies the allegations in the third sentence of paragraph 3. Denies the allegations contained in the fourth sentence of paragraph 3 for lack of

sufficient information to form a belief as to their truth. The allegations contained in the fifth sentence are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations containe in the fifth sentence of paragraph 3. Admits the allegations contained in the sixth sentence to the extent supported by the referenced purchase orders, which are the best evidence of their content; otherwise denies the allegations contained in the sixth sentence of paragraph 3.

4. Admits the allegations contained the first sentence of paragraph 4 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 4. Admits the allegations contained in the second sentence of paragraph 4 to the extent supported by the notification cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 4. The allegations contained in the third sentence are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The allegations contained in the fourth sentence of paragraph 4 are conclusions

of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in the first sentence of paragraph 5 to the extent that a meeting took place, but we are unable to admit or deny the remainder of the allegations contained in the first sentence of paragraph 5 because "the extent of this modality" is vague and ambiguous. Denies the allegations contained in the second sentence of paragraph 5. Admits the allegations contained in the third sentence of paragraph 5 to the extent supported by the documents cited, which are the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 5. The allegations contained the fourth sentence of paragraph 5 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are characterizations of plaintiff's case and/or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 are characterizations of plaintiff's case and/or conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in paragraph 9 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 4.

10. Denies that plaintiff is entitled to the relief requested in its prayers for relief, or to any relief whatsoever.

11. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that plaintiff's complaint be dismissed and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Brian S. Smith
BRIAN S. SMITH
Attorney
Commercial Litigation Branch

Civil Division
Department of Justice
Washington, D. C. 20530
Tele: (202) 616-0391
Fax: (202) 353-7988

Attorneys for Defendant

November 30, 2005

CERTIFICATE OF FILING

I hereby certify that on November 30, 2005, a copy of foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Brian S. Smith